# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE D. GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-894 |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Bennie D. Graves be dismissed because it was filed beyond the applicable statute of limitations. A certificate of appealability should be denied.

### II. REPORT

Petitioner was found guilty by a jury of First Degree Murder and Third Degree Murder on January 31, 1980, in the Court of Common Pleas of Allegheny County, Pennsylvania, in the brutal strangulation deaths of Lloyd Weston, Jr., and Lynette Weston. Petitioner initially was sentenced to death, but that sentence was vacated and he was sentenced to life imprisonment on December 23, 1980, as well as a consecutive term of 10 to 20 years imprisonment.

Petitioner's conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania in an opinion dated February 8, 1983. Commonwealth v. Graves, 456 A.2d 561 (Pa. Super. 1983). Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania, but instead filed a collateral appeal pursuant to Pennsylvania's Post Conviction Hearing Act

("PCHA"), 42 Pa.C.S.A. § 9541, *et seq.*, on April 28, 1983. The PCHA petition was denied after a hearing, and no appeal was filed (Doc. 3, pp. 4, 6).

Petitioner took no further action until November, 1994, when he filed a petition pursuant to the renamed Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq*. This petition was denied in 1997, and no appeal was filed (Doc. 3, pp. 4, 6).

Finally, Petitioner filed another PCRA petition on March 4, 2008. This last petition was dismissed as untimely on April 9, 2008, and the Superior Court of Pennsylvania affirmed the denial of relief in an opinion dated July 16, 2009 (Doc. 3. Pp. 48-50).

Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on July 6, 2010, and raises claims that were presented during his state court collateral appeals. The undersigned has directed service of the petition, but now recommends that it be dismissed without waiting for an answer.

A court may dismiss a petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 cases if it plainly appears on its face that the petitioner is not entitled to relief under habeas. A Rule 4 dismissal may be based upon any exhibits attached to the petition, including transcripts, sentencing records, and copies of state court opinions. A court may also take judicial notice of state court records, dockets and/or state court opinions as well as federal court records. See, e.g., United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at * 1 (N.D.Ill. June 3, 1998) (In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan.8, 2002) (in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition."). Accordingly, in deciding this

petition, this Court takes judicial notice of the docket of the Court of Common Pleas of Allegheny County, and the of the Superior Court of Pennsylvania, which confirm the history set forth by Petitioner.

A one-year statute of limitations applies to habeas corpus petitions challenging state sentences. 28 U.S.C. §2244(d). To determine whether Graves's petition was timely filed, the Court must first determine the date direct review concluded and the judgment became "final." See 28 U.S.C. § 2244(d)(1)(A). Second, the Court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Finally, the Court must determine whether another statutory exception or equitable tolling is applicable.

Petitioner's conviction became final on March 8, 1983, at the expiration of his right to seek review in the Supreme Court of Pennsylvania from the order denying his direct appeal. See Douglas v, Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Because Graves's conviction became final prior to the enactment of the applicable statute of limitations, the limitations period is deemed to have commenced on April 24, 1996, giving him until April 24, 1997 to file a federal habeas petition. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Therefore, Graves's conviction became final more than 27 years before he filed this petition in July, 2010, and the petition was filed more than 13 years after the statute of limitations expired.

Next, the Court must determine whether Graves is entitled to any available "tolling" provisions. See 28 U.S.C. § 2244(d)(2). The first such tolling that could possibly apply occurred when Graves's PCRA proceeding, filed in 1994, was still pending when the statute of

3

limitations commenced on April 24, 1996. However, Petitioner concedes that this PCRA proceeding was dismissed sometime in 1997, and he did not appeal. Therefore, any tolling of the limitations period ceased in 1997, and the limitations period ran unabated until Petitioner again attempted a state court collateral appeal in 2008. Therefore, the statute of limitations expired, at the latest, sometime in 1998, and an additional 10 years of time expired before Petitioner again attempted a state court appeal. The statute of limitations expired long before Petitioner filed his petition.[1]

Finally, the one-year limitation period in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Graves's control that account for his failure to file his habeas petition in a timely manner. Petitioner argues at one point that he was the victim of "extrinsic fraud" because he now believes that the trial court deliberately appointed incompetent counsel during his direct appeal and his first two collateral appeals (Doc. 3, p. 13). As noted above, Petitioner's direct

---

[1] Graves's 2008 PCRA proceeding was filed at a time when the statute of limitations had already expired, making it unnecessary for the Court to address the possible tolling implications of that proceeding. It should be noted, however, that only "properly filed" PCRA petitions toll the limitations period, and Graves's 2008 PCRA petition was dismissed as untimely by the state courts. Therefore, the 2008 PCRA petition would not have tolled the limitations period even if that period had not already expired. See, Pace v. DiGuglielmo, 544 U.S. 408, 414, *reh'g denied,* 545 U.S. 1135 (2005) (A finding that a post conviction petition is untimely under state law ends the inquiry for purposes of 28 U.S.C. § 2244(d)(2)).

appeal concluded in 1983, and his second collateral appeal concluded in 1998. Even if, as Petitioner alleges, PCHA and PCRA counsel rendered ineffective assistance, this would not in any way have prevented Petitioner from filing a timely federal habeas corpus petition. Petitioner was free to investigate and raise any claims he believed he had at all times since his direct appeal concluded in 1983. There is no basis for granting Petitioner any period of equitable tolling in this case, and there certainly is no justification for Petitioner to wait nearly three decades after his conviction became final to seek federal habeas review.

Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). Jurists of reason would not find it debatable that Graves failed to file his habeas petition within the one year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Bennie Graves should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before August 2, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: July 19, 2010                        s/Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States Magistrate Judge

cc:
**BENNIE D. GRAVES**
DW-2957
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652