**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENNIE D. GRAVES, | ) | Civil Action No. 2: 10-cv-00894 |
| | ) | |
| Petitioner, | ) | |
| | ) | Chief United States District Judge |
| vs. | ) | Joy Flowers Conti |
| | ) | |
| JEFFREY A. BEARD, PH.D., | ) | |
| Secretary, PA. Department of Corrections, | ) | |
| et. al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

On June 10, 2014, petitioner Bennie D. Graves ("Petitioner") filed a "Motion Pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6) for Relief from Final Judgment Denying Equitable Tolling in 28 U.S.C. Section 2254 Habeas Corpus Petition that Asserted Miscarriage of Justice Actual Innocence Claim and Dismissing Petition as Untimely Under . . . (AEDPA) One Year Statute of Limitations of 1996."  (ECF No. 23) (hereinafter referred to as the "Rule 60(b) Motion"). Petitioner argues that the United States Supreme Court's recent opinion in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), provides extraordinary circumstances, justifying relief from the court's January 14, 2011 order dismissing his federal habeas petition. The Rule 60(b) Motion was referred to a United States Magistrate Judge for a report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72 of the Local Rules for Magistrate Judges.

The magistrate judge filed a report and recommendation on August 19, 2014 (ECF No. 29) recommending that the Rule 60(b) Motion be denied.  The magistrate judge also recommended that a certificate of appealability be denied.  After being granted an extension of time in which to file written objections, Petitioner filed objections to the report and

1

recommendation (ECF No. 31).  The relevant issues to be decided, as identified by Petitioner in his objections, are:

> (1)  whether 60(b) motion was timely filed (2) whether 60(b)(5) and/or (b)(6) is applicable to Petitioner's case and (3) most importantly is whether Petitioner has made a clear and convincing showing of "actual innocence" through evidence proffered in habeas petition.

Rule 60(b) Motion at 20.  The court will address these issues seriatim.

First, Petitioner argues that the magistrate judge erred when she found that his Rule 60(b) motion was untimely filed.  This argument is without merit.  While the magistrate judge found that the Rule 60(b) motion was untimely under Federal Rule of Civil Procedure 60(c)(1), the report and recommendation nevertheless explained as follows: "Giving the *pro se* petitioner the benefit of the doubt, and out of an abundance of caution, the Court assumes arguendo that Mr. Graves' Rule 60(b) Motion was filed within a reasonable time of the district court's initial judgment and the *McQuiggin* decision."  Report and Recommendation at 13.  The magistrate judge proceeded to address the Rule 60(b) motion on its merits.

Second, Petitioner argues that the magistrate judge erred when she found that Rule 60(b)(5) was not an appropriate ground for relief in this habeas case.  As the magistrate judge explained, Federal Rule of Civil Procedure 60(b)(5) provides that a party may file a motion for relief from a final judgment if: (1) the judgment has been satisfied, released or discharged; (2) a prior judgment upon which it is based has been reversed or otherwise vacated; or (3) it is no longer equitable that the judgment should have prospective application. *See* Fed.R.Civ.P. 60(b)(5).

Petitioner's judgment has not been satisfied, released, or discharged and Petitioner did not argue it was. Therefore, the first subsection of Rule 60(b)(5) does not apply to Petitioner's case. Likewise, the final subsection of Rule 60(b)(5) does not apply to Petitioner's case. A court can

modify a judgment if its prospective application is no longer equitable. The judgment at issue, however, is the denial of habeas relief, and that judgment is not prospective within the meaning of Rule 60(b)(5). *See Caesar v. Padula*, No. Civ. A. 0:12-36, 2013 WL 4757506, *2 (D.S.C. Sept. 3, 2013); *Allen v. Walsh,* Civil Action No. Civ. A. 06–4299, 2013 WL 1389752, at *4 (E.D.Pa. Mar. 15, 2013); *see also Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc*., 131 F.3d 625, 630 (7th Cir.1997) ("judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions' " . . . "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b) (5)"); *United States v. Dansbury,* No. Crim. 89-156-2, 1996 WL 592645, at *3 (E.D.Pa. Oct.15, 1996) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2683, at 337–38 (2d ed.1995) (stating that Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong")).

In the case *sub judice,* the final judgment was the denial of habeas relief. That judgment is not executory and does not involve the supervision of changing conduct or conditions. As such, the court concludes that the magistrate judge did not err in finding that Petitioner's Rule 60(b) Motion does not satisfy or meet the criteria necessary to be considered as a Rule 60(b)(5) motion.

Next, Petitioner argues that the magistrate judge erred when she found that Petitioner failed to set forth "extraordinary circumstances" justifying relief pursuant to Rule 60(b)(6). As explained by the magistrate judge, the Third Circuit Court of Appeals recently clarified that while "a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief," as a practical matter "intervening changes in the law rarely justify relief from final

judgments under 60(b)(6)." *Cox v. Horn,* 757 F.3d 113, 121 (3d Cir. 2014). Even assuming

*arguendo* that the change in precedent of *McQuiggin* represents sufficiently extraordinary

circumstances to trigger Rule 60(b)(6) relief in the abstract, the court agrees with the magistrate

judge that Petitioner failed to show that *McQuiggin* has any bearing on his case in particular.

Petitioner offers no "new evidence" to establish his actual innocence, let alone evidence so

convincing that "'it is more likely than not that no reasonable juror would have convicted him in

the light of the new evidence.'"[1] *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S.

298, 327 (1995)).

Petitioner merely repeats the same arguments that he made in his federal habeas petition

and seeks to relitigate issues that have long ago been decided. As the magistrate judge noted,

Petitioner asserted an actual innocence or fundamental miscarriage of justice exception to his

procedural default and untimeliness "throughout these proceedings, from his Habeas Petition, his

Objections to the Report and Recommendation, his Application for a COA, and in his petition

for rehearing by the court of appeals for the Third Circuit." Report and Recommendation at 21.

This court and the court of appeals found no basis for equitable tolling.

Petitioner's fourth and final argument is that he is entitled to equitable tolling under

*McQuiggin* because he is actually innocent. To the extent Petitioner attempts to bring a stand-

alone actual innocence habeas claim, his Rule 60(b) motion is considered a second or successive

---

[1]      Petitioner misunderstands what constitutes "new evidence." He argues that certain
evidence "qualifies [] as 'new evidence" because it  was " 'excluded' and 'not presented at
trial'." This is not the legal definition of "new evidence."  "Evidence is new if it was not
previously known to the movant and includes exculpatory scientific evidence, a trustworthy
eyewitness account or critical physical evidence." *Davenport v. Brooks*, No. Civ. A. 06-5070,
2014 WL 1413943 (E.D.Pa. Apr. 14, 2014) (citing *Schlup*, 513 U.S. at 324; *Hubbard v. Pinchak*,
378 F.3d 333, 339–40 (3d Cir. 2004); *Sistrunk v, Rozum,* 674 F.3d 181, 189 (3d Cir. 2012)). As
the report and recommendation notes, Petitioner was convicted in 1983, and his post-trial

habeas petition. Under these circumstances, Petitioner is asserting a new ground for relief so the Court of Appeals for the Third Circuit must first grant him permission to raise the claim in a successive petition. *See* 28 U.S.C. § 2244(b)(2). The United States Supreme Court, however, has not yet resolved the issue of whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. *McQuiggin,* 133 S.Ct. at 1931 (citing *Herrera v. Collins,* 506 U.S. 390, 404–05 (1993)). Therefore, Petitioner provides no cause to disturb the court's denial of his petition.

In conclusion, after *de novo* review of the pleadings and documents in the case, together with the report and recommendation, and the objections thereto, the Rule 60(b) Motion will be denied, and an appropriate order will be entered.

BY THE COURT:

/s/ Joy Flowers Conti
DATED: December 16, 2014          Joy Flowers Conti
                                  Chief United States District Judge

cc:     BENNIE D. GRAVES
        DW-2957
        SCI Albion
        10745 Route 8
        Albion, PA 17475
        (via U.S. First Class Mail)

        Christina M. Stover
        Office of the District Attorney of Allegheny County
        (via CM/ECF electronic notification)

        Cory J. Schuster

---

motions were filed that year. At that time, Petitioner knew about and had the evidence or proof which he submitted with his habeas petition and he argues demonstrates his actual innocence.

Office of the District Attorney of Allegheny County
(via CM/ECF electronic notification)